**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 17 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| ALIDA EUFEMIA PANTOJA-GAYTON, | No. 05-74845 |
| Petitioner, | Agency No. A034-292-175 |
| v. | |
| ERIC H. HOLDER Jr., Attorney General, | MEMORANDUM [*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 12, 2010[**]
Pasadena, California

Before: THOMAS and SILVERMAN, Circuit Judges, and BEISTLINE,[***] Chief
District Judge.

Alida Eufemia Pantoja-Gayton, a native and citizen of Mexico and a legal

permanent resident of the United States, petitions for review of a decision by the

_____

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**] This panel unanimously finds this case suitable for decision without
oral argument. See Fed. R. App. P. 34(a)(2).

[***] The Honorable Ralph R. Beistline, United States District Judge for the
District of Alaska, sitting by designation.

Board of Immigration Appeals ("BIA") summarily affirming an immigration judge's ("IJ") determination that she is inadmissible as an alien smuggler under 8 U.S.C. § 1182(a)(6)(E)(i) based on alien smuggling episodes in1988 and 2002. We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition for review. Because the parties are familiar with the factual and the procedural history of this case, we need not recount it here.

I

An alien who is an "applicant for admission" to the United States bears the burden of proving that she is clearly and beyond a doubt not inadmissible under 8 U.S.C. § 1182. *See* 8 U.S.C. § 1229a(c)(2); *Altamirano v. Gonzales*, 427 F.3d 586, 590-91 (9th Cir. 2005). Pantoja-Gayton contends that, as a lawful permanent resident, she is not an "applicant for admission." However, 8 U.S.C. § 1101(a)(13)(C) provides that "[a]n alien lawfully admitted for permanent residence in the United States shall not be regarded as seeking an admission in to the United States for purposes of the immigration laws unless the alien . . . (iii) has engaged in illegal activity after having departed the United States." Pantoja-Gayton engaged in illegal activity after departing the United States for Mexico. Thus, the IJ correctly concluded that Pantoja-Gayton is properly considered an applicant for

admission, notwithstanding her lawful permanent resident status, and bears the burden of demonstrating her admissibility.

II

8 U.S.C. § 1182(a)(6)(E)(i) holds inadmissible "[a]ny alien who at any time knowingly has encouraged, induced, assisted, abetted, or aided any other alien to enter or to try to enter the United States in violation of law." Pantoja-Gayton admits that she attempted to bring an infant into the United States using a birth certificate she knew to be false in 2002. She also admits that the infant was born in Mexico. However, she claims that the child is her husband Charles Cruz Vazquez's biological child; derived United States citizenship through him; and is thus not an "alien" under § 1182(a)(6)(E)(i).

The IJ did not err in concluding that Pantoja-Gayton failed to satisfy her burden of proving that the infant was Vazquez's biological child. First, Vazquez failed to undergo a paternity test despite stating in a declaration that he was prepared to do so and having a full year to take the test. His claim that he lacked the $600 for a paternity test was unconvincing in light of tax records and testimony from Vazquez himself indicating that he earned a substantial income and had made substantial expenditures on behalf of his wife and the infant. Second, the testimony of Pantoja-Gayton and Vazquez did not establish the child's paternity

given the IJ's unchallenged adverse credibility finding. Third, the birth certificate submitted before the IJ was of questionable origin given that Pantoja-Gayton had previously purchased and presented a fraudulent birth certificate to consular and border officials. Accordingly, we agree with the IJ's determination that Pantoja-Gayton failed to demonstrate that the infant was a United States citizen through a biological relationship with Vazquez.

Because she failed to establish a blood relationship between Vazquez and the child, Pantoja-Gayton also does not satisfy her burden of showing that she was eligible for a discretionary family relative waiver of inadmissibility under 8 U.S.C. § 1182(d)(11). That provision authorizes such a waiver only "if the alien has encouraged, induced, assisted, abetted, or aided only an individual who at the time of such action was the alien's spouse, parent, son, or daughter (and no other individual) to enter the United States." As Pantoja-Gayton failed to demonstrate that the infant was her step-daughter, she does not qualify for a discretionary waiver under § 1182(d)(11).

Because Pantoja-Gayton's acts in 2002 render her inadmissible under § 1182(a)(6)(E)(I), we need not address whether Pantoja-Gayton's 1988 criminal conviction for alien smuggling does so as well.

III

-4-

Pantoja-Gayton next argues that the BIA abused its discretion and violated her due process rights by issuing a streamlined summary affirmance despite the IJ's failure to address all of her arguments. However, contrary to Pantoja-Gayton's assertions, the IJ did address all of her arguments in his opinion. Moreover, we have held that the BIA's summary affirmance procedure does not violate due process. *See Falcon Carriche v. Ashcroft*, 350 F.3d 845, 848-53 (9th Cir. 2003); *see also Garcia-Martinez v. Ashcroft*, 371 F.3d 1066, 1078 (9th Cir. 2004) (noting that "where we can reach the merits of the decision by the IJ . . . an additional review of the streamlining decision itself would be superfluous") (quotation omitted).

**PETITION FOR REVIEW DENIED.**